1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

18

19

20

| | |
|---|---|
| ROBERT JAMES DUDASH; MIRANDA YVETTE O'CALLAGHAN DUDASH;<br><br>Plaintiffs,<br><br>v.<br><br>ANGELICA ULLOA; SAN DIEGO POLICE DEPARTMENT SERGEANT ELLISON; OFFICER CALVIN; OFFICER BECERRA; OFFICER ZAVAL; SDPD; and 8911 BALBOA WELFARE AGENCY,<br><br>Defendants. | Case No.:  22-cv-334-CAB-BLM<br><br>**ORDER SCREENING SECOND AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

21

22

23

24

25

26

27

28

On July 28, 2022, the Court held a hearing in this matter where it dismissed Plaintiff Robert Dudash's Amended Complaint [Doc. No. 7] and granted him leave to file a second amended complaint remedying the issues discussed on the record.  [Doc. No. 14.]  On August 12, 2022, Mr. Dudash filed a second amended complaint ("SAC") with himself and Miranda Yvette O'Callaghan Dudash as plaintiffs.  [Doc. No. 15.]  The Court previously granted Mr. Dudash's motion to proceed *in forma pauperis* ("IFP"). [Doc. No. 6.]  Because Mr. Dudash continues to proceed IFP in this matter, the Court will screen the SAC pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

1   A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. §

2   1915(a) is subject to *sua sponte* dismissal if it is "frivolous or malicious; fails to state a

3   claim upon which relief may be granted; or seeks monetary relief against a defendant who

4   is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845,

5   845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to

6   prisoners."); *see also Chavez v. Robinson*, 817 F.3d 1162, 1167-68 (9th Cir. 2016) (noting

7   that § 1915(e)(2)(B) "mandates dismissal—even if dismissal comes before the defendants

8   are served").  Congress enacted this safeguard because "a litigant whose filing fees and

9   court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive

10  to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez*,

11  504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

12  Complaints must also comply with Federal Rule of Civil Procedure 8, which requires

13  that each pleading include a "short and plain statement of the claim," FED. R. CIV. P.

14  8(a)(2), and that each allegation "be simple, concise, and direct."  FED. R. CIV. P. 8(d)(1).

15  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  In addition to the grounds for *sua*

16  *sponte* dismissal set out in § 1915(e)(2), the district court may dismiss a complaint for

17  failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs

18  allegedly committed.  *See Cafasso, United States ex rel. v. General Dynamics C4 Systems,*

19  *Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where

20  pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible,"

21  "highly repetitious," and comprised of "incomprehensible rambling").

22  As currently pleaded, the Court finds sufficient allegations in the SAC for Plaintiff's

23  section 1983 claim for violation of his Fourteenth Amendment rights to survive the *sua*

24  *sponte* screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1]  Mr. Dudash alleges

25

26  _____

27  [1] Although Mr. Dudash's section 1983 claim survives sua sponte screening under 28 U.S.C. §§ 1915(e)(2)
    and 1915A(b), the Court does not make a finding as to whether the SAC's allegations are sufficient to
28  survive a Rule 12(b) motion in the future.

1   that on December 23, 2021, his children were removed from his custody without a warrant

2   and without exigent circumstances present. [Doc. No. 15 at 3.]  Specifically, Mr. Dudash

3   alleges that Child Protective Services ("CPS") agent Angelica Ulloa, San Diego Police

4   Department ("SDPD") Sergeant Ellison, and SDPD officers Calvin, Zaval, and Becerra

5   arrived at his home, did not present a warrant or answer Mr. Dudash's questions, and took

6   his two children away from him. [*Id.*]   Accordingly, Mr. Dudash's claim brought under

7   section 1983 may proceed against Defendants Ulloa, Ellison, Calvin, Zaval, and Becerra.

8          Although the SAC alludes to these five Defendants making false statements on court

9   documents, it does not allege any specific statements made or explain the context for such

10   statements.  Mr. Dudash also makes an unspecified claim for damages that is ambiguous

11   and confusing.  *See Cafasso*, 637 F.3d at 1059.  The Court therefore **DISMISSES** any

12   claims asserted in the SAC relating to perjury and/or false statements for failure to state a

13   claim that complies with Rule 8.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)

14   (en banc) ("[S]ection 1915(e) . . . requires a district court to dismiss an *in forma pauperis*

15   complaint that fails to state a claim.").

16          Additionally, the SAC provides no explanation for who Mr. Dudash's co-plaintiff

17   Miranda Yvette O'Callaghan Dudash is, what rights of hers were allegedly violated, or

18   why she is a plaintiff in this matter.  Although Miranda O'Callaghan Dudash signed the

19   SAC, it contains insufficient allegations to provide Defendants fair notice of the wrongs

20   allegedly committed against her.  *See Cafasso*, 637 F.3d at 1059.  Accordingly, the Court

21   **DISMISSES** any claims asserted by Miranda Yvette O'Callaghan Dudash against any of

22   the named Defendants for failure to state a claim that complies with Rule 8.

23          For the foregoing reasons, it is hereby **ORDERED** as follows:

24      1. The Clerk of the Court shall issue a summons as to the SAC [Doc. No. 15] upon

25          Defendants Ulloa, Ellison, Calvin, Zaval, and Becerra and forward it to Mr.

26          Dudash along with a blank United States Marshal Form 285 (USM-285) for each

27          Defendant.  In addition, the Clerk is directed to provide Mr. Dudash with a

28          certified copy of this Order and a certified copy of his SAC.  Upon receipt of

1   these documents, Mr. Dudash is directed to complete the Form 285's as
2   completely and accurately as possible, and to return them to the United States
3   Marshal according to the instructions provided by the Clerk in the letter
4   accompanying the mailed documents.

5   2.  Upon receipt, the United States Marshal shall serve a copy of the SAC, summons,
6   this order, and the order granting leave to proceed IFP [Doc. No. 6] upon
7   Defendants Ulloa, Ellison, Calvin, Zaval, and Becerra as directed by Mr. Dudash
8   on U.S. Marshal Form 285.  All costs of service shall be advanced by the United
9   States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

10  3.  Mr. Dudash shall serve upon Defendants or, if appearance has been entered by
11  counsel, upon Defendants' counsel, a copy of every further pleading or other
12  document submitted for consideration of the Court.  Mr. Dudash shall include
13  with the original paper to be filed with the Clerk of the Court a certificate stating
14  the manner in which a true and correct copy of any document was served on
15  Defendants or Defendants' counsel and the date of service.  Any paper received
16  by a District Judge or Magistrate Judge that has not been filed with the Clerk or
17  that fails to include a Certificate of Service will be disregarded.

18  4.  Any claims asserted in the SAC for perjury and/or false statement are
19  **DISMISSED**.

20  5.  Any claims asserted in the SAC by Miranda Yvette O'Callaghan Dudash are
21  **DISMISSED**.

22  It is **SO ORDERED**.

23  Dated:  August 23, 2022

24
25  Hon. Cathy Ann Bencivengo
    United States District Judge
26
27
28

4

22-cv-334-CAB-BLM